IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIANA GROTENDORST,

       Plaintiff,

v.                                                          CV 08-628 CEG

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

       Defendant.

MEMORANDUM OPINION AND ORDER

       Tatiana Grotendorst ("Ms. Grotendorst" or "Plaintiff") brought this action seeking judicial review of the denial of her claim for Title II Disability Insurance Benefits. This matter is before me now on Ms. Grotendorst's "Motion to Reverse or Remand Administrative Agency Decision." Docket no. 13. Because the Commissioner's decision at step five is supported by substantial evidence, I recommend that the motion be denied.

Standard of Review

       In reviewing the agency's decision, I must "'determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.'" Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (quoting Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotations omitted). "[A] decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Id. (internal quotation omitted). I must meticulously examine the record to determine whether substantial

evidence supports the Administrative Law Judge's ("ALJ") decision.  Id.  In conducting such an examination, I must take into account anything in the record that "fairly detracts" from the evidence supporting the ALJ's decision.  Id.  Moreover, "[t]he agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal."  Id.

## The Sequential Evaluation Process

"To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity."  Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. § 423 (d)(1)(A)).  The Social Security Administration employs a "five-step sequential evaluation process to determine disability."  Barnhart v. Thomas, 540 U.S. 20, 24 (2003).  At step one of the process, the claimant must show that he is not working at a substantial gainful activity.  See 20 C.F.R. §§ 404.1520(b) and 416.920(b).  At step two, the claimant must show that he has an impairment, or combination of impairments, that are severe enough to significantly limit his ability to do basic work activities.  See 20 C.F.R. §§ 404.1520(c) and 416.920(c).  At step three, it is the claimant's burden to show that the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.  If the claimant's impairment or combination of impairments meets or medically equals the criteria of a listing and meets the duration requirement, the claimant is disabled.  If it does not, the analysis proceeds to the next step.  At step four, the ALJ must determine the claimant's residual functional capacity ("RFC") and consider, in light of this RFC, whether the claimant retains the ability to perform past relevant work.  See 20 C.F.R. §§ 404.1520(e) and 416.920(e).  An individual's RFC is his ability to do physical and mental work activities on a sustained basis

despite limitations from his impairments. See id.; 20 C.F.R. § 404.1545.

The claimant bears the burden of proof throughout the first four steps of the sequential evaluation process. At step five, however, the "burden shifts to the Secretary to show that the claimant retains the RFC to do other work that exists in the national economy." Thompson, 987 F.2d at 1487. "How the ALJ should proceed on step five to make the ultimate determination that the claimant is disabled or not depends on whether the claimant alleges an exertional impairment (strength-related), or non-exertional impairment (pain or mental problems), or both." Id.

Background

On June 1, 2005, Plaintiff filed her application for a period of disability and Disability Insurance Benefits, alleging disability beginning November 11, 2003. See Administrative Record ("AR") at 13 and 49-53. Ms. Grotendorst's claim was denied initially on July 28, 2005, and upon reconsideration on October 25, 2005. Id. at 13 and 37-42. After the adverse decisions by the Commissioner of Social Security, Plaintiff requested and was granted a hearing before an ALJ. Id. at 13, 22-25, and 33-35. On March 6, 2007, Ms. Grotendorst appeared, with the representation of a non-attorney, before ALJ Joanne S. Birge. Id. at 305-335. At the hearing, the ALJ took testimony from Ms. Grotendorst, who was 48 years old at the time of the hearing, and Daniel V. Moriarity, an impartial vocational expert. Id. On June 29, 2007, the ALJ issued an unfavorable decision denying Ms. Grotendorst's claim. Id. at 13-21. The Appeals Council denied Ms. Grotendorst's request for review, making the ALJ's June 29, 2007 decision the Commissioner's final decision. Id. at 5-8.

In the Commissioner's final decision, the ALJ found at step one that Ms. Grotendorst had not engaged in substantial gainful activity since November 11, 2003, the alleged onset date. Id. at 15 (citing 20 C.F.R. §§ 404.1520(b) and 404.1571 et seq.). The ALJ indicated at step two that

Ms. Grotendorst suffered from the following severe impairments: right hip pain secondary to broken pelvis in 1986 and left wrist pain. Id. (citing 20 C.F.R. § 404.1520(c)). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 17 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). At step four, the ALJ determined "[a]fter careful consideration of the entire record" that Ms. Grotendorst had the RFC to lift and/or carry twenty pounds occasionally and ten pounds frequently, with no lifting of more than five pounds with the left upper extremity; she could stand and/or walk about four hours in an eight hour workday and sit for about four to six hours in an eight hour workday; she could occasionally crouch, crawl and climb ladders or scaffolds, but could not engage in repetitive fine manipulations with her left upper extremity; and she could not grasp forcefully, push, or pull with her left upper extremity. Id. at 17-20 (citing 20 C.F.R. §§ 404.1527, 404.1529 and Social Security Rulings "SSR" 96-2p, 96-4p, 96-5p, 96-6p, 96-7p, and 06-3p). The ALJ indicated that Plaintiff was unable to perform any of her past relevant work. Id. at 20 (citing 20 C.F.R. § 404.1565). The ALJ found Ms. Grotendorst did acquire work skills from past relevant work and went on to conduct step five findings. Id. at 20-21 (citing 20 C.F.R. § 404.1568). At step five, the ALJ found that Plaintiff has acquired work skills from past relevant work that was transferable to other occupations with jobs existing in significant numbers in the national economy. Id. (citing 20 C.F.R. §§ 404.1560(c), 404.1566, and 404.1568(d)). Ultimately, the ALJ found that based on Plaintiff's RFC and considering her age, education, and transferable work skills, "a finding of 'not disabled' is appropriate under the framework of Medical-Vocational Rule 202.22." Id. at 21.

On July 2, 2008, Ms. Grotendorst filed an appeal in this Court. See docket no. 1. In

Plaintiff's Motion to Reverse or Remand Administrative Agency Decision and Memorandum in support thereof, she alleges the administrative decision contains multiple errors.  See docket nos. 13 and 14.  Specifically, Ms. Grotendorst argues that: (i) the ALJ failed to develop the record by not obtaining all of the relevant medical treatment records; (ii) the ALJ's RFC finding that Plaintiff did not have a severe psychological impairment is not supported by substantial evidence; (iii) the ALJ's credibility finding is unsupported by substantial evidence; and (iv) the ALJ failed to pose adequate hypotheticals to the vocational expert at the hearing.  Docket no. 14 at 6-20.  On February 20, 2009, the Social Security Administration filed a response to Plaintiff's Motion to Remand or Reverse, which asserts the Commissioner used the correct legal standards and the decision is supported by substantial evidence.  See docket no. 15.  On March 9, 2009, Plaintiff filed a reply to Defendant's response.  See docket no. 16.

Analysis

A.  Failure to Develop Record – Obtaining Relevant Medical Treatment Records

     Ms. Grotendorst first argues the ALJ had a duty to develop an adequate record and failed to do so "by ignoring her duty to obtain complete medical treatment records during the period under review from two treating physicians who had treated the claimant for a combination of chronic low back pain and the residual functional impairments resulting from her ulnar laceration to her left wrist."  Docket no. 14 at 6.  Plaintiff contends the relevant records that the ALJ failed to consider were from treating physicians Dr. Keith Steichen and Dr. Pamela Black and the physicians treated Ms. Grotendorst between 2005 and 2007.  Id.  Plaintiff attempts to summarize the records from Dr. Steichen and Dr. Black before arguing "good cause emanates from the ALJ's own failure to obtain the relevant treatment records as per the directives of the regulations and Tenth Circuit case law and that the ALJ should consider this evidence and revise

5

the decision accordingly." Id. at 7-11.  Plaintiff also attaches a letter that she sent to the Appeals Council on June 27, 2008, stating that she sent the Appeals Council records from Dr. Black for the period between August 2005 and August 2007.  Id. at 8, Attachment A.

Plaintiff submitted a list of medical providers in connection with her request for an administrative hearing.  See AR at 80-81.  The list shows Dr. Black treated Plaintiff for coccyx, scoliosis, sciatica, and pain management.  Id. at 81.  Further, the list shows Dr. Steichen treated Plaintiff for high blood pressure, asthma, and allergies.  Id.

Although Plaintiff did list Dr. Black as a medical provider, at the hearing, Plaintiff's non-attorney representative indicated to the ALJ that there were no other records to come.  Id. at 307-308.  Therefore, the ALJ was not put on notice by Plaintiff's representative that additional records were needed.[1]  Though the ALJ has a duty to fully explore the facts and evidence, the ALJ does not act as counsel for the claimant.  See Musgrave v. Sullivan, 966 F.2d 1371, 1377 (10th Cir. 1992).

Additionally, the June 27, 2008 letter sent by Plaintiff to the Appeals Council was sent approximately two months after the Appeals Council issued its April 30, 2008 decision in Ms. Grotendorst's case.  Compare docket no. 14 at 6, Attachment A with AR at 5-8.  Plaintiff cites no legal authority showing that the Appeals Council was required to respond.  In fact, the regulations do not provide for Appeals Council review, or inclusion in the record, of evidence that the Appeals Council receives after it has issued its decision.  See 20 C.F.R. §§ 404.970, 404.976.  Thus, Ms. Grotendorst has not shown a duty on the part of the Appeals Council to incorporate into the record the evidence that her representative forwarded to them approximately

---

[1] At the March 6, 2007 hearing, the ALJ asked Ms. Grotendorst's representative "Are there anymore records to come?"  To which the representative responded "No, Your Honor."  Id.

two months after the Appeals Council issued its decision in her case.

With respect to the records from Dr. Steichen, Plaintiff's statement shows that the doctor treated Ms. Grotendorst for high blood pressure, asthma, and allergies. See AR at 81. In her most recent application, Ms. Grotendorst did not allege that she was disabled due to high blood pressure, asthma, or allergies. Id. at 72-81. Additionally, Dr. Steichen works with Lovelace Sandia and the Agency obtained two sets of records from Lovelace Sandia that did not include records from Dr. Steichen. Id. at 177-200 and 276-295. The Agency was not put on notice that Lovelace Sandia had other records that the Agency had not received, as evidenced by Plaintiff's representative indicating to the ALJ that there were no other records to come. Id. at 307-308. Therefore, I find Plaintiff's first claim fails.

B.  ALJ's Determination – Plaintiff Did Not Suffer From a Severe Psychological Impairment

Ms. Grotendorst next contends that she had a severe psychological impairment during the relevant time period. Plaintiff asserts that a report from Charles Mellon, M.D., the psychological consultative examiner, was sufficient to establish that she has a severe mental impairment. Docket no. 14 at 11-14. Plaintiff refers to Dr. Mellon's diagnosis of major depression, recurrent, moderate, and a pain disorder associated with both psychological factors and a general medical condition. Id. (citing AR at 212). Plaintiff also relies on Dr. Mellon's opinion that her ability to concentrate was moderately limited due to depression. Id. Plaintiff maintains the ALJ did not address Dr. Mellon's assessment and also notes her own testimony that she could "concentrate for ten, fifteen minutes usually" before she became distracted. Id. at 13 (quoting AR at 319).

The ALJ acknowledged Plaintiff's allegations of depression/anxiety, but ultimately found that due to there being "no objective medical evidence of record that the claimant has been treated for anxiety or depression at any time during the relevant period under consideration."

7

AR at 16.  Further, the ALJ found Plaintiff "reported in March 2005 that her first contact with a mental health professional was for alcohol abuse."  Id. (citing AR at 286).  Janie Levis, Ph.D., performed a December 2004 mental status examination and she opined that although Plaintiff's mood contained elements of depression and anxiety, her memory was grossly intact, and her thoughts were organized.  AR at 292.  Dr. Levis also concluded that Plaintiff's energy was moderate; her concentration was moderate; and her memory was "fine."  Id.  Also in December 2004, Plaintiff admitted to a therapist that she would "binge drink" to avoid stress and the following month she admitted that she drank "too much."  Id. at 282-283.  In March 2005, Gary K. Borrell, M.D., another physician with the Lovelace Sandia Health System, examined Plaintiff, whose chief complaint was "I have a problem with alcoholism."  Id. at 284-289.  Dr. Borrell diagnosed Plaintiff with alcohol abuse disorder in March 2005, August 2005, and October 2005.  Id. at 279, 280, and 289.

   Plaintiff relies on findings from Dr. Mellon to support her claim that she suffered from a severe mental impairment during the relevant time period, but Dr. Mellon also concluded that Plaintiff had no or mild limitations in all other abilities, such as her ability to: (1) understand and remember very short and simple instructions as well as detailed or complex instructions; (2) carry out instructions; (3) work without supervision; (4) interact with the public; (5) interact with co-workers; (6) interact with supervisors; (7) adapt to changes in the work place; (8) be aware of normal hazards and react appropriately; and (9) use public transportation or travel to unfamiliar places.  See AR at 212-213.  The ALJ properly gave more weight to the opinions of Plaintiff's treating medical sources than she did to Dr. Mellon.  Dr. Mellon was not a treating medical source as he only examined Ms. Grotendorst one time.  See id. at 209-213.  Moreover, Dr. Mellon was not aware of Plaintiff's alcohol abuse because his report indicated that Plaintiff did

not have a problem with alcohol or other substance abuse. See id. at 213. The ALJ properly gave more weight to the opinions of Plaintiff's treating medical sources, including Dr. Borrell, whose only diagnosis was alcohol abuse disorder, than he gave the opinions of Dr. Mellon or the State agency medical consultants. See id. at 16, 212, 218-231, and 276-295. Accordingly, Plaintiff's second claim fails.

C.  ALJ's Credibility Finding

Plaintiff contends the ALJ's credibility findings with respect to Ms. Grotendorst were unsupported and incomplete. Docket no. 14 at 14-18. Ms. Grotendorst claims the ALJ's credibility assessment was conclusory because the ALJ did not base her assessment upon the medical evidence documenting Plaintiff's persistent pain. Id. Plaintiff contends the ALJ's finding was inconsistent with Social Security Ruling 96-7p and the Tenth Circuit's opinion in Luna v. Bowen, 834 F.2d 161, 165-166 (10th Cir. 1987).

In Luna v. Bowen, the Tenth Circuit found that when assessing credibility, the fact finder can look at objective indicators of pain, such as attempts to find relief; use of medications, including the dosage, effectiveness, and side effects of such medication; willingness to try any treatment prescribed; the use of crutches or a cane; regular contact with doctors; and the claimant's daily activities. See Luna, 834 F.2d at 165-166. Here, the ALJ discussed the appropriate factors upon which she relied in determining Plaintiff's credibility. See AR at 19-20. The ALJ, in making her finding, "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. § 404.1529 and SSRs 96-4p and 96-7p." Id. at 17.

The Tenth Circuit has held that an ALJ need not provide a formalistic factor-by-factor

9

recitation of the evidence as long as she sets forth the specific evidence upon which she relies in evaluating the claimant's credibility. See Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Here, the ALJ acknowledged that Plaintiff had some limitations as a result of the pain in her left hand and right hip. See AR at 19. The ALJ, however, noted that despite these limitations, Plaintiff had actively sought employment in the clerical field in 2003 and 2004; she continued to work on her resume; and she sent her resume out to employers a couple of times a week. Id. at 19, 310-12, and 325. Seeking work while applying for benefits is inconsistent with complaints of a disabling impairment. See Dunahoo v. Apfel, 241 F.3d 1033, 1038-39 (8th Cir. 2001); Melton v. Apfel, 181 F.3d 939, 942 (8th Cir. 1999). The ALJ also observed that Plaintiff had difficulty using pinch and grip in a forceful manner with regular activities of daily living such as pulling off bottle tops. Id. at 19 and 183. The ALJ nevertheless reasoned that the file contained no evidence that she had "no use of [her] left hand." Id. at 19. Further, the ALJ noted a March 2005 report showing that Plaintiff did not have "pain [in her left hand] but [she had] sort of a tingly, tired, crampy feeling that [came] in through the ulnar aspect of [her] left hand including the ring and small finger." Id. at 19 and 183-184. When evaluating the credibility of a claimant's subjective complaints, an ALJ can consider the "location, duration, frequency, and intensity of the individual's pain or other symptoms." See SSR 96-7p.

      Additionally, the ALJ considered Plaintiff's activities of daily living, including Ms. Grotendorst's assertions that she vacuumed, shopped for groceries, collected chicken eggs, continued to drive an automobile, frequently worked on a computer, and sent out resumes about twice a week. See AR at 19, 309, 310-12, 325, and 327. In evaluating the credibility of Plaintiff's subjective complaints, the ALJ properly considered appropriate and relevant factors. I am not permitted to re-weigh the evidence or substitute my own opinion for the ALJs. See

Glass, 43 F.3d 1392, 1395 (10th Cir. 1994); Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  I find that based on a review of the entire record, the ALJ properly concluded that Plaintiff's complaints of disabling impairments were not fully credible, and therefore, Plaintiff's third claim for relief is also without merit.

D.  ALJ's Alleged Failure to Pose Hypotheticals to Vocational Expert

Finally, Plaintiff notes that during the administrative hearing, the ALJ obtained testimony of a vocational expert and posed two hypothetical questions to the vocational expert regarding the ability of Plaintiff to make a vocational adjustment to other jobs existing in the national economy.  Docket no. 14 at 18 (citing AR at 329-334).  Plaintiff acknowledges that based on the testimony of the vocational expert the ALJ concluded that Plaintiff was capable of performing the jobs of case aide, personal attendant, and companion, but argues the vocational expert's conclusions do not amount to substantial evidence because the ALJ's hypothetical questions omitted Plaintiff's mental functional restrictions identified by Dr. Mellon.  Id. at 18-19.  Therefore, Plaintiff contends the ALJ did not provide substantial evidence to meet the Commissioner's burden at step five.  Id. at 19-20.

In this case, the ALJ properly accommodated all restrictions that Plaintiff's impairments merited when she restricted Plaintiff to a limited range of light work.  See AR at 17.  The ALJ properly included these limitations in her hypothetical questions to the vocational expert.  Id. at 331-332.  An ALJ need present to a vocational expert only those limitations the ALJ finds are established by the evidence.  See Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995).  Plaintiff's final claim is without merit because, as discussed above, Dr. Mellon's report conflicts with the opinions of Plaintiff's treating medical sources.  Additionally, Dr. Mellon was unaware of Ms. Grotendorst's alcohol abuse, therefore, the ALJ was not obligated to include Dr. Mellon's

conclusions about Plaintiff's alleged mental limitations.  Id.  Thus, because the Commissioner's decision at step five is supported by substantial evidence, I recommend that Plaintiff's "Motion to Reverse or Remand Administrative Agency Decision" be denied.

E.  Summary

I cannot conclude that the ALJ erred in determining Ms. Grotendorst had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy after recognizing that she did have severe impairments that resulted in various limitations.  The ALJ's handling of the case is supported by substantial evidence and the ALJ's decision comports with relevant legal standards.  Even if the ALJ did not discuss all the evidence to Plaintiff's satisfaction, she was not required to discuss every piece of evidence in the record, and her decision reflects consideration of both the objective and subjective evidence she relied upon and the probative evidence she rejected.  See Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996).  Because the ALJ's determination is supported by more than a scintilla of evidence and was reached through applying proper legal standards, her findings are conclusive.  I am not permitted to reweigh the evidence or substitute my own judgment for the ALJ's.  See Glass, 43 F.3d at 1395; Casias, 933 F.2d at 800.

## Conclusion

For the reasons set forth above, Ms. Grotendorst's Motion to Reverse or Remand Administrative Agency Decision (docket no. 13) is DENIED.  IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE