IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIANA GROTENDORST,

                Plaintiff,

v.                                                                                                       CV 08-628 CG

MICHAEL J. ASTRUE,
Commissioner of the Social Security
Administration,

                Defendant.

## ORDER GRANTING ATTORNEY FEES PURSUANT TO EAJA

**THIS MATTER** is before the Court on Plaintiff's *Motion for Attorney Fees Under Equal Access to Justice Act, with Supporting Memorandum* ("*Motion*") (Doc. 26). The Court has considered the *Motion*, as well as Defendant Commissioner's *Response to Plaintiff's Motion for Attorney[ ]Fees Pursuant to the Equal Access to Justice Act* ("*Response*") (Doc. 27), Plaintiff's *Reply to Defendant's Response to Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act* ("*Reply*") (Doc. 29), and the relevant law. *Motion* (Doc. 26) at 1. Ms. Grotendorst moves the Court for an award of attorney fees in the amount of $16,226.17 under the Equal Access to Justice Act ("EAJA") at 28 U.S.C. § 2412. The Commissioner opposes the motion because he asserts that (1) his position was substantially justified and, alternatively, that (2) the number of attorney hours billed is excessive. *Response* (Doc. 17) at 1, 5. The Court will GRANT the Motion in the amount of $16,226.77 because the Commissioner's position was not substantially justified and because the amount of requested fees is reasonable.

### *1. The Commissioner's Position was not Substantially Justified.*

EAJA provides for an award of attorney fees to a plaintiff when: (1) she is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). Here, the parties do not dispute that Ms. Grotendorst is a prevailing party or that no special circumstances would make the award unjust; rather, they disagree about whether the position of the Commissioner was substantially justified. *See Motion* (Doc. 26) at 3–4; *Response* (Doc. 27) at 3–5; *Reply* (Doc. 29) at 1–2.

The Commissioner bears the burden of showing that his position was substantially justified. *Hackett*, 475 F.3d at 1172. His "position" collectively refers to his positions at the administrative level and before the federal courts. 28 U.S.C. § 2412(d)(2)(D). "The test for substantial justification in this circuit is one of reasonableness in *law* and fact." *Hackett*, 475 F.3d at 1172 (emphasis added) (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). Substantial justification is "satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks, citations, and brackets omitted)). A district court's remand order does not mean, *ipso facto*, that the Commissioner's position was *not* substantially justified; that is, his "position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (quoting *Pierce* 487 U.S. at 566). Similarly, a district court's order affirming does not itself mean that the Commissioner's position *was* substantially justified. *Gatson v. Bowen*, 854 F.2d 379, 381 n.1 (10th Cir. 1988).

For example, when the agency applies the wrong legal standard, the Commissioner "[cannot] show that his position was substantially justified, either in making the initial legal error or in arguing in the ensuing litigation that there was no error." *Chester v. Apfel*, No. 00-7021, 1 Fed. Appx. 792, 795, 2001 WL 10316, **2 (10th Cir. Jan 4, 2001) (unpublished); *see Gatson*, 854 F.2d at 380–81, 381 n.1 (holding that the Commissioner's position could not be substantially justified where the agency applied an outdated legal standard—despite the district court's initial affirmance).

Here, the Commissioner has failed to meet his burden to show that his position was substantially justified because: (1) affirmance by the district court does not itself evidence substantial justification; (2) the facts cited by the Commissioner do not address the agency's legal errors and they constitute an impermissible, post hoc rationalization; and (3) the agency failed to apply the proper legal standards in evaluating Ms. Grotendorst's mental impairments and the Commissioner has provided no reasonable basis for these legal errors.

First, the Commissioner argues that "this case involved a genuine dispute and reasonable minds could differ as to whether the [Administrative Law Judge ("ALJ")] properly evaluated Plaintiff's mental impairments," as evidenced by this Court's initial affirmance. *Response* (Doc. 27) at 4. Ms. Grotendorst replies that a favorable ruling by the district court "has never" itself constituted substantial justification in this circuit. *Reply* (Doc. 29) at 2. The Court agrees; the initial order affirming the agency decision is not itself evidence that the Commissioner's position was substantially justified.

Second, the Commissioner asserts that certain facts from the record support his position that the ALJ properly evaluated Ms. Grotendorst's mental impairments. *Response*

(Doc. 27) at 4–5. The Commissioner asserts that, although the Tenth Circuit was not persuaded by these facts, they evidence that his position was reasonable and that reasonable minds could differ on the issue, which constitutes substantial justification. *Id.* These facts from the record might be relevant if the issue were whether *substantial evidence* supported the agency's decision, but that is not the issue. Here, the issue is whether the agency applied the *proper legal standards* in evaluating Ms. Grotendorst's mental impairments, and these facts do not address the agency's failure to apply the proper legal standard. Moreover, some of these facts were not cited by the ALJ herself as support for the her evaluation of the mental impairments,[1] which means they constitute a prohibited post hoc rationalization.[2] The Commissioner, therefore, has failed to meet his burden to show that his position was substantially justified.

Third, because the agency made two *legal* errors in this case and the Commissioner has failed to provide a reasonable basis for those legal errors, the Commissioner's position

---

[1] For example, the Commissioner highlights that Dr. Mellon was not aware of Ms. Grotendorst's alcohol abuse when he evaluated her depression, *Response* (Doc. 27) at 4, and that Ms. Grotendorst herself testified that she could not find a job but rewrote her resume daily and looked for a job a couple of times per week, *id.* at 4–5. These facts, however, were not cited by the ALJ herself as support for her evaluation of Ms. Grotendorst's mental impairments. *See Order and Judgement [of the Tenth Circuit]* (Doc. 24-1) at 5–6; Administrative Record at 13–21.

[2] In *Hackett*, the Tenth Circuit reversed a denial of EAJA fees because the district court erred in finding that the Commissioner's position was substantially justified. 475 F.3d at 1169. In that case, the ALJ had mischaracterized the testimony of the vocational expert, and at the district court, the Commissioner attempted to save the ALJ's decision by offering new legal theories based on "reasoning not explicitly relied on by the ALJ." *Id.* at 1175 (internal quotation marks and brackets omitted). The Tenth Circuit found that the Commissioner's reasons violated the "simple but fundamental rule of administrative law" that courts may not "intrude on the agency's authority by supporting a result reached by the agency with reasoning not *explicitly* relied on by the agency." *Id.* at 1174, 1175 (emphasis added) (both citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). The court went on to explain that, "it nevertheless may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where . . . no reasonable administrative factfinder . . . could have resolved the factual matter any other way." *Id.* at 1175. Ultimately, the court held that where the Commissioner attempted to cure the ALJ's error based on reasons that the ALJ did not explicitly cite, the Commissioner's position was not substantially justified and the denial of EAJA fees was improper. *Id.*

was not substantially justified.  Initially, the ALJ failed to apply the "special technique," prescribed by 20 C.F.R. § 404.1520a, in evaluating whether Ms. Grotendorst's mental impairments were severe at step two.  *Order and Judgement [of the Tenth Circuit]* (Doc. 24-1) at 10–11.  Then, the ALJ failed to continue considering the functional limitations of the mental impairments at the later sequential evaluation steps, as prescribed by 20 C.F.R. §§ 404.1523, 404.1545(a)(2).  *Id.* at 9–10, 9 n.3.

In *Gatson*, the Commissioner "fail[ed] to demonstrate a reasonable basis for its legal theory concerning the evaluation of subjective pain," and the Tenth Circuit held that where the Commissioner's "theory of the law was inconsistent with the congressional pain statute, [his position] was not reasonable[, and] therefore, . . . lacked substantial justification." 854 F.2d at 380.  Similar to *Gatson*, in this case, the ALJ failed to apply the proper legal standard in evaluating Ms. Grotendorst's mental impairments.  Because the Commissioner has provided no reasonable legal basis for the agency's legal errors and because the reasons asserted by the Commissioner do not evidence that his position was substantially justified, the Court FINDS that the Commissioner's position was not substantially justified, and EAJA fees therefore, are warranted.

### 2. The Number of Hours Billed is Reasonable.

The Commissioner argues in the alternative that the number of hours billed is excessive, and he suggests a reduction of 17 hours, corresponding to the number of hours billed by co-counsel on appeal, Ms. MacDowell.  *Response* (Doc. 27) at 7.  The Commissioner argues that the issues in the case "were not of a difficult or novel nature," that the work "at the appellate level was simply a matter of expanding the same arguments . . . urged at the district court level," and that Ms. Grotendorst's primary counsel,

Mr. Armstrong, failed "to explain why someone with his experience and expertise needed the services of another experienced attorney to review and revise his initial and reply briefs before the Tenth Circuit." *Id.* at 7. The Commissioner acknowledges that he found no cases addressing what constitutes a reasonable number of hours for work before the district and appellate courts, but he does cite two cases in which the Tenth Circuit "approved" of EAJA fees for 73.4 hours and 67.25 hours for work at the district- and circuit-court levels to illustrate that the 94.16 hours requested here was excessive. *Id.* at 6.

Ms. Grotendorst's primary attorney, Mr. Armstrong, replies that the appellate arguments required more than an expansion of the district-court arguments and that he required Ms. MacDowell's assistance because: (1) he "lost the case at the District Court level" and, therefore, needed her appellate expertise, which he had utilized in past cases; (2) appellate briefs are "vastly different" than those at the district court and must include "lengthy introductory sections and . . . procedural history;" (3) the appellate briefing required not only the arguments from the district court briefing, but also arguments on why the district court's "decision should be reversed;" and (4) "collaboration is important . . . and benefits not only both attorneys, but the client and the court as well." *Reply* (Doc. 29) at 3–4.

EAJA provides the award of "fees and other expenses, in addition to any costs awarded pursuant to subsection (a)," 28 U.S.C. § 2412(d)(1)(A). The fees, however, should be "reasonable." *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990); *Hackett*, 475 F.3d at 1168. "[O]nce the determination has been made that the government's position was not substantially justified, then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v.*

6

*Astrue*, Nos. 08-5080, 08-5082, 297 Fed. Appx. 807, 809, 2008 WL 4726236 at \*\*2 (10th Cir. Oct. 28, 2008) (unpublished) (citing *Jean*, 496 U.S. at 161).  Determining the reasonableness of the number of hours billed lies within the Court's discretion.  *Pierce*, 487 U.S. at 571; *Gatson*, 854 F.2d at 381.

In the case at bar, there is no dispute about the hours billed for work at the district court, rather the Commissioner objects to the hours billed for Ms. MacDowell's work before the Tenth Circuit.  The Court, however, is persuaded that the hours requested are reasonable and created a benefit to Ms. Grotendorst.  To be sure, appellate arguments are expansions of the arguments proffered below, as urged by the Commissioner, but the number of hours requested here is within the range of reasonableness for the research and analysis of the issues on appeal.  *Cf. Cameron v. Barnhart*, No. 01-7145, 47 Fed. Appx. 547, 550–52, 2002 WL 31079435 at \*\*4 (10th Cir. Sept. 17, 2002) (unpublished) (rejecting the Commissioner's suggestion that time spent on opening briefing before district court was "merely duplication" of the time spent at Appeal's Council).  Additionally, the Court agrees with Mr. Armstrong that his collaboration with Ms. MacDowell was beneficial to Ms. Grotendorst and finds that it was reasonable.  Even quite experienced attorneys, such as Mr. Armstrong, can sharpen their arguments with the critical feedback of co-counsel, which is the case here.  The number of hours requested is reasonable and will be awarded.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Attorney Fees Under Equal Access to Justice Act, with Supporting Memorandum* ("*Motion*") (Doc. 26) is **GRANTED**, and Plaintiff Tatiana Grotendorst[3] is authorized to receive **$16,226.77** in fees for payment

---

[3] *See Manning*, 510 F.3d at 1251 (requiring EAJA fees to be paid to the claimant).

to her attorney for services before this Court and before the Tenth Circuit Court of Appeals.[4]

**IT IS SO ORDERED.**

_____
**THE HONORABLE CARMEN E. GARZA**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**

---

[4] In the future, if Ms. Grotendorst's counsel is also awarded attorney fees pursuant to 42 U.S.C. § 406(b), he shall refund the smaller award to Ms. Grotendorst pursuant to *Gisbrecht v. Barnhart.* 535 U.S. 789, 796 (2002) ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." (internal quotation marks and alteration omitted)).